IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFERY WADE JONES, | **DISMISSAL ORDER & MEMORANDUM DECISION** |
| Petitioner, | |
| v. | Case No. 2:13-CV-35 TC |
| DENNIS SORENSEN et al., | |
| Respondents. | District Judge Tena Campbell |

Petitioner, Jeffery Wade Jones, an inmate at Central Utah Correctional Facility, filed a federal habeas-corpus petition. He is serving a fifteen-to-life sentence for sexual abuse of a child. The State moves for dismissal and Petitioner has responded to that motion. The Court grants the State's motion to dismiss.

This petition appears to contest, under 28 U.S.C. § 2254, Petitioner's sentencing, and, under 28 U.S.C. § 2241, the consequent execution of his sentence. Under § 2254, he apparently argues that he was sentenced to an unconstitutional indeterminate sentence. Under § 2241, he appears to argue that the Utah Board of Parole and Pardons (BOP) and other respondents improperly executed his sentence by overshooting "the matrix," not affording him constitutional rights such as due process, and by passing sentence on him without observing his right to a jury in sentencing.

## ANALYSIS

### a. Utah's Indeterminate Sentencing Scheme

Petitioner possibly attacks the constitutionality of Utah's indeterminate-sentencing scheme. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah*

*Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). On this basis alone, the Court denies any relief on the basis of this possible § 2254 claim.

Petitioner's more specific challenges to the BOP's authority to determine his actual term of imprisonment within his sentence of one-to-fifteen years are based on *Booker*, *Blakely*, and *Apprendi*. *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He again argues that Utah's indeterminate sentencing scheme, under which the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served within the span, is unconstitutional.

As to *Booker*, *Blakely*, and the constitutionality of indeterminate sentencing schemes, Petitioner's assertions fail. *Booker* (in which the Supreme Court explained that the federal sentencing guidelines are advisory, 543 U.S. at 245-46) and *Blakely* (in which the Supreme Court held, in the context of Washington's *determinate* sentencing scheme, that a judge could not, based on a fact found by himself and not the jury, increase a defendant's sentence beyond the statutory maximum, 542 U.S. at 308-14) are both inapposite to this case, involving a *state indeterminate* sentencing scheme and the determination of length of imprisonment *within a valid sentencing range*. Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely*, 542 U.S. at 308.

*Apprendi* is also inapplicable. *Apprendi* holds that, generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Petitioner apparently uses *Apprendi* to argue that the BOP should not have been able to "increase" his sentence without a

jury's findings. However, the sentence was determined by the trial court at the time of conviction, not during the BOP's review of the term of service within the sentence. BOP is never in a position to increase Petitioner's term of service beyond his trial-court-imposed sentence of fifteen years and has proposed to do nothing more, and so it cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve up to fifteen years. Under the Federal Constitution, Petitioner has no right to ever be considered for parole or paroled.

### b. Questions of State Law

The Court next addresses any of Petitioner's apparent assertions under § 2241 that he was entitled to an earlier release, based on "the matrix"; that BOP did not protect his constitutional rights in determining whether to grant him parole (by following guidelines, among other things); and, that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2014). As to BOP's decision about the length of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span of one-to-fifteen years. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

The Court also considers Petitioner's arguments, about due process in parole determinations, based on *Labrum*. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

## CONCLUSION

IT IS THEREFORE ORDERED that Respondents' motion to dismiss is GRANTED. (*See* Docket Entry # 13.)

IT IS FURTHER ORDERED that Petitioner's claims regarding the conditions of his confinement--i.e., his housing status and participation in the Sex Offender Treatment Program-- are DENIED as inappropriately brought in this habeas petition. If Petitioner wants to properly pursue these claims, he should file suit under 42 U.S.C.S. § 1983 (2014).

DATED this 27th day of June, 2014.

BY THE COURT:

TENA CAMPBELL
United States District Judge